UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHARLENE LEE,

    *Plaintiff*,

-against-

HOME DEPOT,

    *Defendant*.
----------------------------------X

**MEMORANDUM & ORDER**
18-CV-15 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

    Plaintiff Charlene Lee ("plaintiff") filed this *pro se* action on January 2, 2018, alleging that defendant Home Depot ("defendant") maintained a hostile work environment in violation of the Americans with Disabilities Act (the "ADA"). (*See* ECF No. 1, Complaint.) Magistrate Judge Bloom scheduled a conference for April 4, 2018, for which plaintiff failed to appear. (*See* ECF No. 14, Order.) Magistrate Judge Bloom rescheduled the initial conference for May 3, 2018. Plaintiff appeared for that conference, and, in light of plaintiff's explanation for failing to appear at the original conference, Magistrate Judge Bloom excused plaintiff's failure to appear at the April 4, 2018 conference. (ECF No. 16, Order.)

    The parties proceeded to discovery, which was scheduled to close on September 12, 2108. (*Id.*) According to defendant, plaintiff responded to defendant's discovery requests and appeared for her deposition. (ECF No. 18, Defendant's

1

Motion for a Pre-Motion Conference, dated 7/30/18, at 1.) On July 30, 2018, defendant filed a letter with the court, which defendant also sent to plaintiff, requesting a pre-motion conference regarding defendant's anticipated motion for summary judgment. (*Id.*) By email dated the same day, and shared with the court on September 27, 2018, plaintiff informed defendant's counsel that she "will not appear" in the action anymore and acknowledged that failure to do so could lead "ultimately to the case's dismissal." (ECF No. 21, Defendant's Letter to the Court, Exhibit A.) On September 13, 2018, after the official close of discovery, defendant filed another letter with the court requesting a pre-motion conference regarding defendant's anticipated motion for summary judgment. (ECF No. 19, Defendant's Motion for a Pre-Motion Conference, dated 9/13/18.)

On September 13, 2018, the court scheduled an in-person pre-motion conference for September 27, 2018, for the purpose of explaining the summary judgment process to the *pro se* plaintiff. (ECF order dated 9/13/2018.) Plaintiff failed to appear for the conference. (ECF order dated 9/27/2018.) At that conference, defense counsel informed the court of the above-referenced email from plaintiff in which she indicated her intention not to appear further in this action. (*Id.*) The court scheduled a telephonic pre-motion conference for October 5, 2018. In the minute entry summarizing the September 27, 2018

conference and scheduling the October 5, 2018 conference, the court noted plaintiff's failure to appear and warned plaintiff, in bolded type, that failure to appear for the telephonic conference may result in dismissal pursuant to Federal Rule of Civil Procedure 41 ("Rule 41") for failure to prosecute and failure to comply with court orders. (*Id.*) The court further advised that, "[i]f plaintiff intends to abandon this action, she should file a letter with the court indicating as much." (*Id.*) Counsel for defendant mailed a copy of minute entry to plaintiff. (ECF No. 22, Certificate of Service.)

Counsel for defendant also emailed plaintiff a copy of the September 27, 2018 minute entry and reiterated its contents to plaintiff in the body of his email. (ECF No. 21, Defendant's Letter to the Court, Exhibit B.) Plaintiff responded to defense counsel's email, stating, *inter alia*, "A missed court date will cause the case to be dismissed. That is my understanding. If I miss a court date, my case will be dismissed." (*Id.*)

Plaintiff failed to appear for the telephonic conference on October 5, 2018. (ECF order dated 10/5/18.) Defense counsel represented to the court that he made multiple attempts to reach plaintiff by telephone, but she did not answer. (*Id.*) The court also attempted to call plaintiff multiple times, and the call was picked up once but then subsequently dropped. (*Id.*) The court rescheduled the

3

conference for later in the day, and plaintiff again failed to make herself available for the telephonic conference, despite multiple calls from defense counsel and the court. (*Id.*) In the minute entry summarizing the hearing, the court ordered plaintiff, in all capital letters, to file a letter with the court by October 22, 2018 if she intended to pursue this action, and that failure to do so would result in dismissal consistent with Rule 41. (*Id.*) Plaintiff failed to file a letter, or otherwise communicate, with the court by October 22, 2018.

The Second Circuit has identified five factors for the court to assess when determining whether dismissal is proper: whether "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [the court] adequately assessed the efficacy of lesser actions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No single factor is dispositive. *Id.* Considering these factors, and especially in light of plaintiff's continued flouting of the court's orders and her statements to counsel, noted above, regarding her

4

intentions not to appear further in this action, the court finds that dismissal of this action is proper.

For the foregoing reasons, the court dismisses this action in its entirety pursuant to Rule 41 for failure to prosecute and to comply with the court's orders.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment in favor of defendant, close this case, serve *pro se* plaintiff with a copy of this Memorandum and Order and the judgment, and note service on the docket.

**SO ORDERED.**

                                                   /s/
                                       **KIYO A. MATSUMOTO**
                                       United States District Judge
                                       Eastern District of New York

Dated: November 2, 2018
       Brooklyn, New York